IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 2 2 2013
J. T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:13cr90 HTW-LRA
 18 U.S.C. § 371
LATASHA WISE 18 U.S.C. § 1028A
 18 U.S.C. § 1343

**The Grand Jury Charges:**

At all times relevant to this indictment:

1. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the federal tax laws of the United States, which includes collecting taxes owed to the United States and paying income tax refunds in the form of electronic bank deposits to the citizens of the United States.

2. Defendant **LATASHA WISE** was a resident of the Southern District of Mississippi.

COUNT 1

3. From on or about January 1, 2013 and continuing until February 13, 2013, in Hinds County in the Jackson Division of the Southern District of Mississippi and elsewhere, the defendant **LATASHA WISE,** did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

4. The purpose of the conspiracy was to defraud the United States by filing false income tax returns, by using the names of individuals ("the victims") without authority to do so, which claimed

income tax refunds to which neither the defendant **LATASHA WISE,** nor her co-conspirators were entitled.

5. It was a part of the conspiracy that the defendant **LATASHA WISE** would prepare false income tax returns using the names, social security numbers and other identification information of the victims without their permission.

6. It was also a part of the conspiracy that the defendant **LATASHA WISE** would falsely state in income tax returns she prepared that the taxpayer had earned income that they had never actually earned and that the taxpayer supported one or more dependents that the taxpayer had never supported. The defendant **LATASHA WISE** would also falsely report that taxes were withheld from this fictitious income in excess of the tax purportedly owed, so that a refund could be claimed.

7. It was also a part of the conspiracy that the defendant **LATASHA WISE** would collect tax refunds via pre-paid debit cards issued by the United States Treasury based on the fraudulent tax returns she filed, and that these pre-paid debit cards were used by the defendant **LATASHA WISE** and others for their personal benefit.

8. In furtherance of the conspiracy, and to carry out its objectives, the following overt acts, among others, were committed:

9. On or about January 25, 2013, the defendant **LATASHA WISE** submitted a fraudulent income tax return using the name of AY.

10. On or about January 31, 2013, the defendant **LATASHA WISE** submitted a fraudulent income tax return using the name of DN.

11. On or about January 28, 2013, the defendant **LATASHA WISE** submitted a fraudulent income tax return using the name of SH.

12. On or about January 25, 2013, the defendant **LATASHA WISE** submitted a fraudulent income tax return using the name of SA.

All in violation of Section 371, Title 18, United States Code.

## COUNTS 2-5

13. Paragraphs one through twelve of this indictment are re-alleged and incorporated herein by reference.

14. That in or about January 2013, and continuing up to and including February 2013, in Hinds County in the Jackson Division of the Southern District of Mississippi and elsewhere, the defendant, **LATASHA WISE,** aided and abetted by others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises from the IRS, the defendant well knowing at the time that the pretenses, representations and promises to the IRS would be and were false when made, and which scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, so devised and intended to be devised, was in substance to obtain money from the IRS by filing fraudulent income tax returns containing false information.

15. On or about the dates set forth below, within the Southern District of Mississippi and elsewhere, defendant **WISE,** for the purpose of carrying out her scheme to defraud and attempting to do so, knowingly caused to be transmitted in interstate commerce, certain wire communications, that is certain writings, each item constituting a separate count herein as follows:

| COUNT | VICTIM | DATE TAX RETURN FILED |
|---|---|---|
| 2 | AY | 1/25/2013 |
| 3 | DN | 1/31/2013 |
| 4 | SH | 1/28/2013 |
| 5 | SA | 1/25/2013 |

All in violation of Sections 1343 and 2, Title 18, United States Code.

COUNTS 6-9

16. That on or about each of the dates listed below, in Hinds County in the Jackson Division of the Southern District of Mississippi and elsewhere, the defendant, **LATASHA WISE**, aided and abetted by others known and unknown to the Grand Jury, knowingly used without lawful authority a means of identification of another person, during and in relation to a violation of Section 1343, Title 18, United States Code, to wit, wire fraud.

| COUNT | VICTIM | DATE TAX RETURN FILED |
|---|---|---|
| 6 | AY | 1/25/2013 |
| 7 | DN | 1/31/2013 |
| 8 | SH | 1/28/2013 |
| 9 | SA | 1/25/2013 |

All in violation of Sections 1028A and 2, Title 18, United States Code.

NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

17. As a result of committing the offenses alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses,

including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 22nd day of October, 2013.

UNITED STATES MAGISTRATE JUDGE